UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AL WAXTER,

     Plaintiff,

    -against-

CASA PROMESA; NEW YORK STATE;
GUILLERMO NORIEGA,

     Defendants.

26-CV-1383 (KMW)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

KIMBA M. WOOD, United States District Judge:

 Plaintiff, proceeding *pro se*, brings this action under the Court's federal-question jurisdiction, alleging that Defendants violated his constitutional rights. The Court construes the complaint as asserting claims under 42 U.S.C. § 1983. Plaintiff names as defendants Casa Promesa, New York State, and Guillermo Noriega. By order dated February 23, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF No. 4.) For the following reasons, the Court dismisses the complaint, with 30 days' leave to replead.

## STANDARD OF REVIEW

 The Court must dismiss an IFP complaint, or any portion of the complaint , that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3). Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir.

2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.  A complaint states a claim for relief if the claim "is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Twombly*, 550 U.S. at 555).  The Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements. *Id*. at 678-79.  After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts, which Plaintiff states occurred from January 2018 to the present (ECF No. 1, at 5), are drawn from the complaint.[1]  On an unspecified date, Plaintiff, who describes himself as a former Muslim, "was labeled a patient in need of permanent psychiatric care" because he "saw the spiritual world of the Jinns, who are well-documented in dictionaries, encyclopedias, and the internet as part of Muslim tradition."[2]  (*Id*. at 6.)  In January 2018,

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint unless noted otherwise.

[2] In the complaint, Plaintiff provides no other information about the Jinn. It appears, however, that "[t]he term is encompassed as a form of the word 'jinni,' which is defined as 'one of a class of beneficent or malevolent spirits in Islam that inhabit the earth, that are capable of

Plaintiff was evaluated by a Dr. Kingsley, who "had [Plaintiff] institutionalized at [his] mention of The Jinns" and ordered "a litany of pill taking, which [Plaintiff takes] today." (*Id*.) "After a week or so of isolation, [Plaintiff] was returned to the population." (*Id*.)

In January 2021, Plaintiff was taken to the emergency room for treatment, but it is unclear what harms or injuries allegedly necessitated treatment or what treatment he received. (*Id*.) He nevertheless characterizes the unspecified treatment at the hospital as "malpractice." (*Id*.) He also does not identify any medical practitioner, or their employer, who allegedly committed malpractice.

Plaintiff also appears to suggest that in January 2026, an unidentified person provided him with an inhaler, which emitted "noxious fumes." (*Id*.) He also states that there is a fire hazard in an unidentified location because "the beds and dressers are too close [ ] to the electrical sockets." (*Id*.) Finally, Plaintiff alleges that in December 2025, he was evaluated by an unidentified dentist for partial dentures. The dentures, however, were "too big," and the dentist "couldn't help." (*Id*.)

Plaintiff names as defendants Casa Promesa, the State of New York, and Guillermo Noriega. In the complaint, however, he makes no allegations about any of these defendants. He demands monetary relief in the amount of "a [t]rillion dollars, the maximum amount." (*Id*. at 6.)

## DISCUSSION

### A.    Defendant State of New York

Plaintiff seeks monetary relief from Defendant State of New York. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh

---

assuming various forms, and that exercise supernatural power.'" *Thomas v. Corbett*, 90 A.3d 789, 793 (Pa. Commw. Ct. 2014) (quoting Webster's Third New International Dictionary 1216 (1993)).

Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks, alterations, and citation omitted).  New York State has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity by enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977).  The Court therefore dismisses Plaintiff's Section1983 claims against the State of New York because these claims are barred by the Eleventh Amendment and are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

**B.      Defendants Casa Promesa and Guillermo Noriega**

Plaintiff asserts claims under Section 1983 against Defendants Casa Promesa and Guillermo Noriega.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor."  *West v. Atkins*, 487 U.S. 42, 48-49 (1988).  Private parties are therefore generally not liable under Section 1983. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (per curiam) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

The activity of a private person or entity may be considered state action for the purpose of Section 1983 liability in the following situations: (1) when the person or entity acts using the coercive power of the state or is controlled by the state (the "compulsion test"); (2) when the state provides significant encouragement to the person or entity, the person or entity willfully

4

participates in joint activity with the state, or the person or entity's functions are entwined with state policies (the "joint action" or "close nexus" test); or (3) when the state has delegated a public function to the person or entity (the "public function test"). *See Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (citation omitted).

The fundamental question under each test is whether the private person or entity's challenged actions are "fairly attributable" to a state or local government. *Id.* (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)). When analyzing whether a private person or entity functions as a state actor under Section 1983, a court must first "identify[ ] the specific conduct of which the plaintiff complains, rather than the general characteristics of the entity." *Id.* (internal quotation marks and citation omitted). The fact that an entity receives public funds does not turn private action into state action, and acts of private contractors do not become acts of the government simply because the contractors are performing government contracts. *See Rendell-Baker*, 457 U.S. at 840-41. Furthermore, a private entity does not become a state actor merely by acting in accordance with state regulations. *See id.* at 841.

Plaintiff alleges no facts suggesting that either Casa Promesa or Guillermo Noriega should be considered state actors under Section 1983. Furthermore, even if Casa Promesa or Guillermo Noriega could be considered to be state actors, Plaintiff alleges no facts describing what they did or how they were personally involved in violating Plaintiff's rights. The Court therefore dismisses Plaintiff's claims against Casa Promesa or Guillermo Noriega for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.    Leave to Amend Granted

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid Section 1983 claim against Defendants Casa Promesa and Guillermo Noriega, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

If Plaintiff intends to pursue these claims in an amended complaint, he should identify Casa Promesa and Guillermo Noriega, and explain how they are related to a state or local government, and how they were personally involved in violating Plaintiff's rights. Plaintiff should also set forth facts showing that Casa Promesa and Guillermo Noriega acted under color of state law in violating Plaintiff's constitutional rights.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment dismissing this action.

## CONCLUSION

The Court dismisses Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

6

SO ORDERED.

Dated:    March 16, 2026
          New York, New York

/s/ Kimba M. Wood
LAURA TAYLOR SWAIN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

_____CV_____

(Include case number if one has been assigned)

-against-

**AMENDED**

_____

**COMPLAINT**

_____

Do you want a jury trial?
☐ Yes      ☐ No

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.    BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐    **Federal Question**

☐    **Diversity of Citizenship**

## A.   **If you checked Federal Question**

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   **If you checked Diversity of Citizenship**

### 1.   **Citizenship of the parties**

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of

(Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____ , is a citizen of the State of
        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____ , is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name           Middle Initial        Last Name

_____

Street Address

_____

County, City               State           Zip Code

_____

Telephone Number         Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                         Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                       State                 Zip Code

Defendant 2:

First Name                         Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                       State                 Zip Code

Defendant 3:

First Name                         Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                       State                 Zip Code

Defendant 4:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                        State               Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Street Address

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.