UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AL WAXTER,

                     Plaintiff,

           -against-

CASA PROMESA; NEW YORK STATE,

                   Defendants.

26-CV-1383 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

Plaintiff, proceeding *pro se* and *in forma pauperis* ("IFP"), brings this action alleging that Defendants violated his constitutional rights. By order dated March 16, 2026, the Court dismissed Plaintiff's original complaint with leave to replead in order to address deficiencies in his original pleading. (ECF No. 5.) Plaintiff filed an amended complaint on March 27, 2026 (ECF No. 6). The Court dismisses this action for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3). Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of*

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

On February 18, 2026, Plaintiff commenced this action against Casa Promesa, the State of New York, and Guillermo Noriega, alleging a series of incidents at Casa Promesa.  In sum, he alleged that he "was labeled a patient in need of permanent psychiatric care" because he "saw the spiritual world of the Jinns, who are well-documented in dictionaries, encyclopedias, and the internet as part of Muslim tradition."  (ECF No. 1, at 6.)  He also alleged, without detail, that: (1) he received unrelated treatment at a hospital that he characterized as malpractice, (2) an unidentified person gave him an inhaler with noxious fumes, and (3) he was issued dentures that were too large for him.  (*Id*.)  The complaint made no allegations against Casa Promesa, the State of New York, or Noriega.

By order dated March 16, 2026, the Court dismissed the complaint with 30 days' leave to replead.  The Court held that the State of New York was immune under the doctrine of sovereign immunity and that Plaintiff failed to state a claim under 42 U.S.C. § 1983 against Casa Promesa and Noriega.  (ECF No. 5, at 3-5.)

On March 27, 2026, Plaintiff filed an amended complaint (ECF No. 6), which contains far fewer allegations than the original complaint.[1]  In the Facts section of the amended complaint form, Plaintiff alleges, in full, as follows: "I'm suing Casa Promesa and NYS for unpaid resident

---

[1] The Court quotes from the amended complaint verbatim. All spelling, grammar, and punctuation appear as in the amended complaint, unless noted otherwise.

wages.  By the Constitution's Bill of Rights.  Please grant me any other court options or assistance."  (*Id*. at 5.)

In the Injuries section of the amended complaint form, Plaintiff writes, "None." (*Id*. at 6.) In the Relief section of the form, he writes, "Maximum amount." (*Id*.)

## DISCUSSION

### A.    Rule 8

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  A complaint states a claim for relief if the claim is plausible.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor.  *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555).  The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555).  After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible –- not merely possible –- that the pleader is entitled to relief.  *Id.*

The amended complaint fails to comply with Rule 8, and the Court must therefore dismiss it.  Plaintiff fails to provide facts from which the Court can infer that Casa Promesa or the State of New York violated any of his rights secured by federal law.  While Plaintiff alleges that Casa Promesa and the State of New York unlawfully failed to pay "resident wages," he does not explain what "resident wages" are, state whether he was *personally* employed by Casa Promesa or the State of New York, or allege that Casa Promesa or the State of New York failed

3

to pay *him* his resident wages.   Instead, he alleges in a conclusory manner that Casa Promesa owed him past wages without providing any facts suggesting that he was ever employed by Casa Promesa or that Casa Promesa promised to pay him for his unspecified labor.  Plaintiff has therefore failed to state a claim for relief.  On this basis alone, dismissal of the amended complaint for failure to state a claim is warranted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Defendant State of New York**

Plaintiff again names the State of New York as a defendant, but the Court must dismiss those claims again under the doctrine of sovereign immunity.  "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity."  *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks, alterations, and citation omitted).  New York State has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity by enacting 42 U.S.C. § 1983.  *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977).  Plaintiff's Section 1983 claims against the State of New York are therefore barred by the Eleventh Amendment and are dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B)(iii) (requiring dismissal of an action that seeks monetary relief against a defendant who is immune from such relief).

**C.      Defendant Casa Promesa**

Plaintiff names Casa Promesa as a defendant.  The Court liberally construes Plaintiff's claims against Casa Promesa as arising under 42 U.S.C. § 1983.  For the same reasons as set forth in the Court's order dated March 16, 2026, the Court concludes that Plaintiff has failed to state a claim under Section 1983 against Casa Promesa.

To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties are therefore generally not liable under Section 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (per curiam) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

The activity of a private person or entity may be considered state action for the purpose of Section 1983 liability in the following situations: (1) when the person or entity acts using the coercive power of the state or is controlled by the state (the "compulsion test"); (2) when the state provides significant encouragement to the person or entity, the person or entity willfully participates in joint activity with the state, or the person or entity's functions are entwined with state policies (the "joint action" or "close nexus" test); or (3) when the state has delegated a public function to the person or entity (the "public function test"). *See Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (citation omitted).

The fundamental question under each test is whether the private person or entity's challenged actions are "fairly attributable" to a state or local government. *Id.* (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)). When analyzing whether a private person or entity functions as a state actor under Section 1983, a court must first "identify[ ] the specific conduct of which the plaintiff complains, rather than the general characteristics of the entity." *Id.* (internal quotation marks and citation omitted). The fact that an entity receives public funds does not turn private action into state action, and acts of private contractors do not become acts

of the government simply because the contractors are performing government contracts.  *See Rendell-Baker*, 457 U.S. at 840-41.  Furthermore, a private entity does not become a state actor merely by acting in accordance with state regulations.  *See id.* at 841.

Plaintiff alleges no facts suggesting that Casa Promesa should be considered a state actor under Section 1983.  Furthermore, even if Casa Promesa could be considered to be a state actor, Plaintiff alleges no facts describing what it did or how it was personally involved in violating Plaintiff's rights.  The Court therefore dismisses Plaintiff's claims against Casa Promesa for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.       Supplemental Jurisdiction Declined**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted).  Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting.  *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'"  (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**E.       Further Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend, and has not cured the complaint's deficiencies.  *See Ruotolo v. City of New York*, 514

F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  Because Plaintiff was given an opportunity to amend his original complaint, and his amendment did not cure its defects, the Court declines to grant Plaintiff another opportunity to amend.

### CONCLUSION

The Court dismisses Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for the reasons set forth in this Order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   April 22, 2026
         New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge